UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CALVERT M. WILSON,

    Plaintiff,

    v.

ABN AMRO MORTGAGE GROUP, et al.,

    Defendants.

Civil Action No. 05-0108 (JDB)

**MEMORANDUM OPINION**

Plaintiff Calvert M. Wilson seeks leave of Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to file a Second Amended Complaint in this civil action and thereby to add three new defendants -- Home Savers, Inc.; 1905 2nd Street, NE, LLC; and Luther Hector (hereinafter the "Home Savers defendants") -- and to assert six new claims against those defendants. The present defendants oppose the motion on the grounds that the Second Amended Complaint would substantially expand the scope of the litigation, leading to undue delay and potential juror confusion, and that it would run afoul of (1) statutes conferring subject-matter jurisdiction on this Court and (2) rules governing party joinder. For the reasons that follow, the Court will deny plaintiff's motion for leave to amend his complaint.

**BACKGROUND**

This litigation arises out of a mortgage on plaintiff's residence -- located at 1905 2nd Street, NE, Washington, D.C. ("2nd Street Property") -- and events that occurred with respect to that mortgage after plaintiff filed a petition for Chapter 13 bankruptcy protection in the United

States Bankruptcy Court for the District of Columbia. At the time of the bankruptcy filing in January 2001, plaintiff was in arrears on mortgage payments to defendant ABN AMRO. He subsequently fell behind in his post-petition mortgage payments, and, in early 2002, ABN AMRO sought and was granted relief by the Bankruptcy Court to enforce its security interest in the 2nd Street Property. Plaintiff and ABN AMRO then negotiated a further agreement, incorporated in a Consent Order issued by the Bankruptcy Court, under which plaintiff would pay off his arrearage on a schedule. A dispute subsequently arose as to whether plaintiff was receiving credit for payments, whether ABN AMRO had refused to accept certain payments, and whether the mortgage amount had been improperly increased. ABN AMRO later determined that plaintiff again had defaulted on his post-petition payments and it filed an affidavit of debt with the Bankruptcy Court on June 7, 2004. When plaintiff failed to cure his default in accordance with procedures established by the Consent Order, ABN AMRO initiated foreclosure proceedings and scheduled a sale of the 2nd Street Property for September 22, 2004.

Plaintiff sought emergency relief from the Bankruptcy Court on September 17, 2004, requesting an injunction against ABN AMRO that would have blocked the foreclosure sale and also would have prevented ABN AMRO from collecting what plaintiff contended were artificially inflated mortgage payments. Because plaintiff lacked sufficient assets to pay even the amounts that he conceded were owed, and hence could not come into compliance with the Consent Order, the Bankruptcy Court denied the emergency motion. ABN AMRO then went forward with the foreclosure proceedings on the 2nd Street Property, publishing a new notice of sale and setting a foreclosure sale date of November 17, 2004. On or near the date of the sale, plaintiff secured a short-term "bridge" loan from Home Savers in the amount of $30,525.14, which was sufficient to

pay his arrearage in full and to bring current his mortgage account with ABN AMRO. As a result, ABN AMRO cancelled the foreclosure sale.[1]

On January 18, 2005, plaintiff filed the instant action against ABN AMRO and against the lawyers who represented ABN AMRO in its efforts to collect on the 2nd Street Property mortgage (hereinafter the "Friedman & MacFadyen defendants"). Before any defendant had responded to the complaint, plaintiff filed an Amended Complaint, as was his right under Rule 15(a) of the Federal Rules of Civil Procedure. Following an initial conference with the parties, the Court entered a Scheduling Order on June 21, 2005, that set a deadline of September 19, 2005, for filing amended pleadings. Per Rule 15(a), any such filing required either leave of court or written consent of the adverse parties. On September 19, plaintiff submitted a timely motion for leave to file a Second Amended Complaint, which would add the Home Savers defendants as parties. All present parties have submitted briefing on the motion.

## ANALYSIS

Rule 15 states that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and the Supreme Court has said this "mandate is to be heeded" by district courts. See Foman v. Davis, 371 U.S. 178, 182 (1962). It is, therefore, an abuse of discretion to deny leave to amend absent justifying circumstances "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility

---

[1] Plaintiff had appealed the ruling of the Bankruptcy Court to this Court, but the Court determined that the appeal was moot because the arrearage had been paid and the foreclosure sale had been cancelled. See Wilson v. ABN AMRO Mortgage Group, No. 05-CV-0042, slip op. (D.D.C. Sept. 30, 2005). On July 1, 2005, plaintiff was discharged from bankruptcy. See In re Calvert M. Wilson, No. 01-0092, Order Discharging Debtor (Bankr. D.D.C. July 1, 2005).

of amendment, etc." Id. In this case, defendants base their objections to the amendment on the grounds of undue delay, undue prejudice, and futility.

I.  **Undue Delay**

Although the Court recognizes that permitting amendment of the complaint would cause some delay in resolving the case, the weight that the Court gives this factor is diminished by the litigation schedule that the parties have proposed and the Court has approved. Indeed, the Court recently amended the schedule, at the request of all parties, to enlarge the time period for discovery by nearly three months. Given that the case remains in the midst of discovery and that dispositive motions are not due until mid-April, whatever additional time might be required to accommodate the new claims and parties is unlikely to substantially hold up the case. Thus, standing alone, the potential delay is not enough to justify denying leave to amend. See also Societe Liz, S.A. v. Charles of the Ritz Group, Ltd., 118 F.R.D. 2, 5 (D.D.C. 1987) ("[D]elay is not a reason in and of itself to deny leave to amend ....").

II. **Undue Prejudice**

ABN AMRO and the Friedman & MacFadyen defendants further contend that they would face potential prejudice at trial if the Court were to allow plaintiff to bring the claims against the Home Savers defendants into this action. Specifically, the Friedman & MacFadyen defendants assert that "the addition of the predatory lending claims against the putative defendants would present the palpable risk of confusion by the jury at trial, inasmuch as [the Friedman & MacFadyen defendants] (and ABN AMRO) could be the subject of unwarranted and unjustified liability for conduct of third parties that they could [not] direct, control or mitigate." See Friedman & MacFadyen Defs.' Mem. in Opp. to Mot. to Amend at 5. Similarly, ABN AMRO

cites the risk of juror confusion as a reason not to allow plaintiff to link the claims against it with the claims against the Home Savers defendants.  See ABN AMRO Mem. in Opp. to Mot. to Amend at 7.  The Court appreciates that such a possibility exists -- as it would in any case where multiple defendants face a joint trial -- but it also is cognizant of the fact that such risks can be minimized through trial management and jury instructions.  So long as the parties may be properly joined in a single action, the risk of juror confusion created by the mere presence of distinct parties on the same side of a case -- or, as plaintiff aptly puts it, the risk that the present defendants "will be painted with the same brush" as the Home Savers defendants based on their status as co-defendants, see Pl.'s Reply Mem. in Supp. of Mot. to Amend at 3 -- is not the kind of prejudice that independently would justify denial of leave to amend a pleading under Rule 15(a).

### III.    Futility

#### A.    Jurisdictional Objections

Defendants argue that the motion for leave to amend should be rejected because the amendment would be futile.  "An amendment is futile if [the new claims] would not survive a motion to dismiss or for judgment on the pleadings."  Stith v. Chadbourne & Parke, LLP, 160 F.Supp. 2d 1, 6 (D.D.C. 2001).  Defendants suggest that plaintiff's claims against the Home Savers defendants could not survive such a motion because the Court does not have jurisdiction to hear those claims, which are framed in plaintiff's proposed Second Amended Complaint largely in terms that indicate a basis in non-federal law (e.g., breach of contract, fraud, unjust enrichment, violations of the District of Columbia's Consumer Protection Procedures Act, and tortious interference with a business relationship).

When a complaint in federal district court does not present a question of federal law, the

court will have jurisdiction over the claims only when the claims either satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332 (which no party suggests are met here because plaintiff is a D.C. resident and one or more of the Home Savers defendants is as well), or are closely "related" to federal-question claims -- here, the federal-law claims against ABN AMRO and the Friedman & MacFadyen defendants -- within the meaning of the supplemental jurisdiction statute, 28 U.S.C. § 1367.  In this case, however, the Court need not determine whether the claims against the Home Savers defendants would pass the relatedness test for supplemental jurisdiction because plaintiff's proposed Second Amended Complaint, construed liberally, can be read to plead a federal claim -- specifically a cause of action based on a violation of the Truth in Lending Act, 15 U.S.C § 1601 et seq., as amended by the Home Ownership and Equity Protection Act of 1994. Thus, the Court will assume for purposes of deciding this motion that plaintiff could bring an independent federal action against the Home Saver defendants.  Based on this liberal reading of the complaint, the Court cannot conclude that the Home Savers defendants would be entitled to dismissal for want of jurisdiction and, by extension, the Court cannot conclude that plaintiff's proposed amendment would be futile on that ground.

**B.    Misjoinder**

Although plaintiff's proposed amendment is not futile on the basis of any apparent jurisdictional defect, it *is* futile for another reason: plaintiff's inability to satisfy the requirements for permissive joinder of parties under Rule 20, which permits claims against multiple parties in a single civil action only if "there is asserted against them jointly, severally, or in the alternative, [a] right to relief ... that aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" and presents common questions of law or fact.  See Fed. R. Civ. P. 20(a).  In other

words, even though plaintiff's claims against the Home Savers defendants might survive a motion to dismiss on jurisdictional grounds,[2] these new claims would not survive a motion to sever for misjoinder pursuant to Rule 21.  See Fed. R. Civ. P. 21.  Noncompliance with party-joinder rules renders the proposed amendment futile and provides adequate justification for denying the Rule 15(a) motion.

In this case, there is no doubt that the claims against the Home Savers defendants (for alleged misconduct related to plaintiff's "bridge" loan) are based on completely different facts than those that underlie the claims against ABN AMRO and the Friedman & MacFadyen defendants and that the claims arise out of temporally separated events.  Certainly there is a tangential relationship between the two sets of claims, in that each involves a dispute about the terms of a loan that was secured by the 2nd Street Property, and there also is some overlap in the relevant time periods because plaintiff obtained the loan from Home Savers while ABN AMRO was proceeding with foreclosure on the mortgage.  Under Rule 20, however, it is not enough that defendants share some general connection to the plaintiff, such as having allegedly caused the plaintiff similar harm or having interacted with plaintiff around the same period of time; there must be a right to relief "asserted against them jointly, severally, or in the alternative."  Fed. R. Civ. P. 20(a).  Plaintiff's assertion in his reply brief that "any liability he may have to The Home Savers Group must be borne, jointly and severally, by the ABN AMRO and/or F&M Law Firm Defendants," see Pl.'s Reply Mem. in Supp. of Mot. to Amend at 3, is of no help in justifying

---

[2] To be clear, the Court is not saying that the Home Savers defendants would be unable to prevail on a Rule 12 motion to dismiss or for judgment on the pleadings; rather, the point is that there is nothing before the Court at this time to indicate that the claims against the Home Savers defendants necessarily would be dismissed as a matter of law.

joinder of the Home Savers defendants in this action.  At best, assuming the assertion is true, it simply justifies joining plaintiff's claims against ABN AMRO with his claims against the Friedman & MacFadyen defendants -- a joinder that already has been accomplished and to which no one has objected.  But, as far as the record indicates, the alleged misconduct of ABN AMRO and the Friedman & MacFadyen defendants has absolutely no bearing on whether the Home Savers defendants engaged in independent wrongdoing that would entitle plaintiff to recover damages from them, as well.  Nor is there reason to think that proof of wrongful conduct by the Home Savers defendants would in any way excuse or mitigate the alleged misconduct of the present defendants.  The two sets of claims are, quite simply, not "logically related" to one another, as required by Rule 20.  See Disparte v. Corporate Executive Bd., 223 F.R.D. 7, 10 (D.D.C. 2004).

Because the Home Savers defendants may not be permissibly joined as defendants in this action under Rule 20, plaintiff's motion for leave to amend must be denied as futile.  The Court sees no reason to permit amendment of the complaint under the liberal standard of Rule 15 when it is evident that defendants would be entitled to severance of the claims under Rule 21 and when some defendants already have expressed their objection to joinder on that basis.  This is especially true where, as here, there is no indication that plaintiff will be unfairly prejudiced by denial of leave to amend.  Plaintiff is free to assert whatever claims he might have against the Home Savers defendants in an appropriate forum.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a Second Amended Complaint is denied.  A separate order has been issued on this date.

                      /s/ John D. Bates
                      JOHN D. BATES
                      United States District Judge

Dated:   December 21, 2005

Copies to:

Rawle Andrews, Jr.
ANDREWS & BOWE, PLLP
1717 K Street, NW, Suite 600
Washington, DC  20036
Email: randrews@andrewsgroup.org

    *Counsel for plaintiff*


David L. Permut
Sallie Fairlight Pullman
GOODWIN PROCTER LLP
901 New York Avenue
Washington, DC  20001
Email: dpermut@goodwinprocter.com
Email: spullman@goodwinprocter.com

    *Counsel for defendant ABN AMRO Mortgage Group, Inc.*


William Leonard Mitchell, III
Matthew A. Ranck
ECCLESTON & WOLF, P.C.
2001 S Street, NW, Suite 310
Washington, DC  20009-1125
Email: wmitchell@ewdc.com
Email: ranck@ewmd.com

    *Counsel for defendants Friedman & MacFayden, PA; Alvin E. Friedman; Kenneth MacFayden; and Michael Cantrell*